IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-629-FDW

| | | |
|---|---|---|
| REGINALD A. FALICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of the complaint filed by Plaintiff which seeks monetary damages and a declaratory judgment in the wake of his successful criminal prosecution in this district. For the reasons that follow, this action will be dismissed with prejudice.

On September 14, 1998, Plaintiff Reginald Falice was indicted by the grand jury for the Western District of North Carolina on one count of traveling from Georgia to Charlotte, North Carolina, with the intent to injure, harass, and intimidate a former intimate partner, Ruth Croston, in violation of 18 U.S.C. §§ 2261(a)(1), 2261(b), and 2266. (Count 1). In a second count, the grand jury accused Falice of knowingly carrying and using a firearm during and in relation to a crime of violence which was alleged to be the murder of Ms. Croston, all in violation of 18 U.S.C. §§ 924(c), 924(j), and 1111 (Count 2). Falice was tried by a jury and convicted on both counts in the indictment and sentenced to two concurrent terms of life imprisonment. (Criminal Case No. 3:98-cr-244-GCM). Falice appealed raising various claims including ineffective assistance of counsel and trial court error. The Fourth Circuit rejected each of his arguments and in a per curiam opinion affirmed Falice's criminal judgment on August 31, 2001. United States

1

v. Falice, 18 F. App'x 210 (4th Cir. 2001) (unpublished). Falice did not file a petition for a writ of certiorari with the Supreme Court.[1]

On July 31, 2002, Falice filed a petition for a writ of error coram nobis in this district pursuant to 28 U.S.C. § 1651. The petition was dismissed after the Court noted that a motion to vacate under 28 U.S.C. § 2255 was the proper method to challenge his criminal judgment. (Civil Case No. 3:02-cv-485-GCM).

On February 19, 2003, Falice filed another challenge to his judgment which the Court construed as a § 2255 motion to vacate. The Court noted that Falice had filed no less than seven civil lawsuits in this district protesting his prosecution and his case was dismissed after the Court found that his § 2255 motion was untimely. (Civil Case No. 3:03-cv-68-GCM). The Fourth Circuit dismissed his appeal from the district court's order of dismissal. Falice v. United States, 82 F. App'x 823 (4th Cir. 2003) (unpublished). [2]

On February 24, 2003, the Court entered an order that discussed Falice's initiation of multiple civil actions in this district which he filed in an effort to challenge his criminal prosecution. Falice's self-styled "Motion to Cancel" was dismissed and the Court imposed sanctions against Falice in the amount of $5,000 and issued a pre-filing injunction which addressed Falice's "continued harassing and vexatious behavior" in this district. (Criminal Case No. 3:98-cr-244-GCM-1, Doc. No. 123). Falice appealed from this Order on or about October 26, 2011 to the Fourth Circuit, but the appeal was dismissed as untimely, having been filed nearly 9 years after the district court filed its Order. See Falice v. United States, 469 F. App'x

---

[1] In his haste to challenge his convictions, Falice filed a motion to vacate under 28 U.S.C. § 2255 while his direct appeal was pending. This motion was dismissed without prejudice. (Civil Case No. 3:01-cv-166-GCM).
[2] Falice filed a second § 2255 motion on September 14, 2012, which the Court dismissed as an unauthorized, successive motion under 28 U.S.C. § 2255(h). Falice did not appeal. (Civil Case No. 3:12-cv-610-GCM).

281 (4th Cir. 2012) (unpublished). Falice did not seek review from the Supreme Court.

At the time he filed the present complaint, Falice was confined in a United States Penitentiary in White Deer, Pennsylvania. Perhaps in an effort to circumvent the pre-filing injunction in this district, Falice filed his complaint in the Middle District of Pennsylvania. The case was transferred to this district on the basis of improper venue. After reviewing Falice's complaint, this Court finds that he is simply presenting the substance of his nearly countless efforts to challenge his criminal prosecution and conviction, and it will be dismissed as it presents nothing short of frivolous and vexatious allegations that are clearly baseless.

**IT IS, THEREFORE, ORDERED** that Plaintiff Reginald Falice's complaint is **DISMISSED** with prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: December 11, 2013

Frank D. Whitney
Chief United States District Judge